Case 1:14-cv-01127-RM-KMT   Document 1   Filed 04/21/14   USDC Colorado   Page 1 of 16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

SPYDERCO, INC., a Colorado corporation,

    Plaintiff,

v.

DARRIEL K. CASTON, an individual,

    Defendant.

## COMPLAINT WITH JURY DEMAND

Plaintiff Spyderco, Inc. ("Spyderco"), for its Complaint against Defendant Darriel K. Caston ("Defendant"), alleges as follows:

## PARTIES

1. Spyderco is a Colorado corporation having a principal place of business at 820 Spyderco Way, Golden, Colorado 80403.

2. Upon information and belief, Defendant is an individual residing at 125 Ashcat Way, Folsom, California 95630.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), 28 U.S.C. § 1332 (as there is complete diversity between the parties and the amount in controversy well exceeds $75,000), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

1

4. This is also a Complaint for Trademark Infringement, Unfair Competition and False Designation arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) (Trademark Infringement) and 1125(a) (Unfair Competition and False Designation), and thus, this Court has original subject matter jurisdiction over Spyderco's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121.

5. The Court has personal jurisdiction over Defendant as Spyderco's claims arise from Defendant's transactions of business in this judicial district, as Spyderco's claims arise from Defendant's commission of tortious acts in this judicial district, and as Spyderco is being damaged in this judicial district by Defendant's tortious conduct. Upon information and belief, Defendant offered for sale and/or distributed products to certain third-party sellers and/or distributors that infringe Spyderco's intellectual property rights knowing that such products would be advertised and/or sold to consumers in this judicial district and thus placed infringing product into commerce designed to reach this district.

6. Venue is proper in the district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

### A. Spyderco and Its Business

7. Spyderco is engaged in the business of, among other things, designing, developing, manufacturing and distributing knives and knife accessories throughout the United States, including Colorado, and the world.

8. Spyderco is the owner of U.S. Trademark Registration No. 2,033,317 covering a round through hole used in "knives, namely hunting, fishing, pocket, folding and sporting

knives" in Class 8 ("Round Mark").  A true and accurate copy of the Round Mark Registration Certificate is attached hereto as Exhibit A, which is incorporated herein by this reference.

9. Knives bearing the Round Mark were first commercially introduced by Spyderco in 1981.  Since that time, these knives have been met with commercial success and consumer recognition such that the relevant consumers have coined the term "Spydie Hole" or "Spyder Hole" to refer to the distinctive Round Mark.

10. Spyderco has invested substantial time, creative effort and money in developing its highly distinctive, original and successful Round Mark.  As a result of this and years of superior product development and consumer service, Spyderco has developed substantial consumer recognition, trust, loyalty and goodwill in and to its Round Mark.

11. Due to Spyderco's continuous and uninterrupted use of the Round Mark in interstate commerce for over thirty years, relevant consumers have come to associate the Round Mark exclusively with Spyderco, as supported by the consumers' coined terms "Spydie Hole" and "Spyder Hole."

12. Due to Spyderco's extensive advertising and publicity of the Round Mark, the Round Mark has become widely recognized by the general consuming public in the United States and the world.  Evidence of such recognition has been acknowledged by the registration of the Round Mark in Australia and Canada.  True and accurate copies of the Australian and Canadian Registration Certificates are attached hereto as Exhibit B, which is incorporated herein by this reference.

13. Spyderco, in an effort to promote talented knife makers, regularly enters into collaboration agreements with such artisans. One of those knife makers was Serge Panchenko ("Panchenko").

### B. Serge Panchenko and the Dog Tag Design

14. Panchenko was first inspired to design and hand-make custom knives after visiting his first knife show in 2007. Since then, Panchenko has continuously honed his knife-making skills, creating one-of-a-kind pieces of artwork. Examples of his knives are attached as Exhibit C, which is incorporated herein by reference.

15. In mid-January 2013, Panchenko conceived of an original and creative design for a folding knife. The knife design comprised of a scale in the shape and size of a dog tag and a blade that folds out of the dog tag scale ("Serge Dog Tag Design"). True and accurate copies of Panchenko's sketches of the Serge Dog Tag Design are attached hereto as Exhibit D, which is incorporated herein by reference, and is shown below in Fig. 1:



*Fig. 1*

16. Panchenko next finished the first prototype of the knife embodying the Serge Dog Tag Design ("First Prototype), which is shown below in Fig. 2:



*Fig. 2*

17. Panchenko, wanting feedback from the knife community prior to making a bulk batch of his new knife, posted a picture of the First Prototype on his Facebook page. A true and correct copy of the same is attached hereto as Exhibit E, which is incorporated herein by reference.

18. He received such overwhelming interest in the First Prototype that he decided to create yet another prototype for production ("Round Hole Prototype") with the idea of proposing the design to Spyderco. For the Round Hole Prototype, Panchenko integrated a new back spacer to have a more robust stopping mechanism for the blade. Panchenko, having been previously licensed by Spyderco to use the Round Mark, also decided to incorporate the Round Mark in the Round Hole Prototype. True and accurate photographs of the Round Hole Prototype are attached hereto as Exhibit F, which is incorporated herein by reference, and is shown in Fig. 3 below:



*Fig. 3*

C. **Panchenko and Defendant**

19. To produce the knives in large quantity, Panchenko knew he needed to hire a parts machining company. He also knew that he needed either the machining company or someone else to render an AutoCAD drawing of the various parts of the Round Hole Prototype to submit to the machining company. Panchenko knew that Defendant, who he was friends with

5

at the time, had AutoCAD skills. He asked Defendant to trace the parts he had machined into an AutoCAD program in exchange for one of Panchenko's knives, worth approximately $250.00. Panchenko and Defendant did not enter into any formal agreement regarding ownership of the rights to the Serge Dog Tag Design.

20. On or around January 27, 2013, Panchenko gave Defendant the Round Hole Prototype from which to render an AutoCAD drawing. However, Panchenko asked Defendant to render the model with a race track hole (*i.e.*, a rectangular-shaped hole with rounded edges), rather than a round hole ("Modified Design"), in the event that Spyderco agreed to manufacture his knife and would not allow Panchenko to manufacture for his own sale an identical knife with the Round Mark.

21. On or around January 28, 2013, Defendant finished his drawing of the Modified Design. True and accurate copies of the drawings are attached hereto as Exhibit G, which is incorporated herein by reference. Pursuant to Panchenko's instructions, Defendant sent his drawings of the Modified Design to Sac EDM & Waterjet, Inc. ("Sac EDM") for use in the manufacture of knives embodying the Modified Design.

### D.      Spyderco and Its Collaboration with Panchenko

22. On January 30, 2013, Panchenko approached Spyderco with the Serge Dog Tag Design and provided Spyderco with the Round Hole Prototype.

23. On June 10, 2013, Spyderco entered into a collaboration agreement ("Agreement") with Panchenko to manufacture a knife based on the Round Hole Prototype and to be sold exclusively under the Spyderco label ("Spyderco Dog Tag"). A redacted copy of the Agreement is attached hereto as Exhibit H, which is incorporated herein by reference.

24. The Agreement contains the following provisions:

1.1 For the purpose of this Agreement, the term DESIGNS shall mean any idea, design, artistic layout, discovery, procedure, process, system, method of operation, concept, modification or improvement conceived of by DESIGNER in connection with or otherwise resulting from DESIGNER's creation of the [Spyderco Dog Tag] design.

1.2 For the purpose of this Agreement, the term WORK PRODUCTS shall mean all drawings, designs, layouts, photographs, graphic works, literary works, sculptural works, pictorial works, and all other works which are fixed in a tangible medium, created by DESIGNER in the course of or otherwise resulting from DESIGNER's creation of the [Spyderco Dog Tag] design.

2.1 DESIGNER acknowledges SPYDERCO's ownership of and otherwise hereby sells and assigns all right, title and interest in and to all WORK PRODUCTS and DESIGNS to SPYDERCO. The rights hereby assigned include all the rights in the WORK PRODUCTS and DESIGNS of every kind, nature and description, including without limitation: (a) all copyrights, trade secrets and patent rights; (b) the right to secure copyright and patent registrations thereon throughout the world in SPYDERCO's name or otherwise, including the right to renew such registration; (c) any and all publication rights in whatever form; (d) the right to use, license, exploit, sell or otherwise dispose of such WORK PRODUCTS and DESIGNS in any manner and for any purpose; (e) the rights in any collections, layouts or derivations of such WORK PRODUCTS and DESIGNS; (f) all originals, copies and reproductions of such WORK PRODUCTS and DESIGNS; (g) any and all subsidiary rights in such WORK PRODUCTS and DESIGNS.

4.1 DESIGNER represents and warrants that the DESIGNER is the sole creator of the WORK PRODUCTS and DESIGNS, and that the WORK PRODUCTS and DESIGNS are original, and that the DESIGNER has not made any commitment(s) to any third party concerning the WORK PRODUCTS and DESIGNS, DESIGNER further warrants that DESIGNER has the right and authority to assign SPYDERCO all right, title and interest in and to the WORK PRODUCTS and DESIGNS.

25. Based on the provisions in the Agreement, Spyderco owns the rights to the Serge Dog Tag Design and all intellectual property and work product related thereto, including but not limited to the Round Hole Prototype.

26. After execution of the Agreement, Spyderco's Research and Design Engineer, Peter Jhones, began rendering drawings exclusively from the working Round Hole Prototype, to

7

create the Spyderco Dog Tag. True and accurate copies of Mr. Jhones' drawings are attached hereto as Exhibit I, which are incorporated herein by reference. From Mr. Jhones' drawings, Spyderco created its own prototype of the Spyderco Dog Tag. True and accurate photographs of the Spyderco Dog Tag prototype are attached hereto as Exhibit J, which is incorporated herein by reference.

27. On or around August 30, 2013, Spyderco displayed to the public for the first time the Round Hole Prototype at the Usual Suspect Network Gathering in Las Vegas, Nevada.

28. On or around January 14, 2014, Spyderco displayed to the public for the first time the Spyderco Dog Tag Prototype at the SHOT Show in Las Vegas, Nevada.

### E.    Defendant's Allegations of Co-Authorship and Copyright Infringement

29. Upon information and belief, Defendant saw photographs of the Spyderco Dog Tag prototype taken after the SHOT Show on various knife forums and claimed a right to the design. On March 4, 2014, Spyderco received an email from Defendant, stating, "I am the one who did the AutoCAD work for the [Spyderco Dog Tag] which you have used in production – I never got paid for my work and will now be seeking a legal representation." A true and correct copy of the email correspondence is attached hereto as Exhibit K, and is incorporated herein by reference.

30. On March 10, 2014, Spyderco received a letter from Defendant. A true and correct copy of the letter, as received by Spyderco, is attached hereto as Exhibit L, which is incorporated herein by reference. In the letter, Defendant asserted that he performed the AutoCAD drawings for Panchenko, and that because he "tweaked" the drawings, he became a co-author of the Modified Design provided to Sac EDM. *See id.* Defendant did not claim he had

any contribution to the Round Mark Prototype, which was the basis of Mr. Jhones' drawings or the Spyderco Dog Tag prototype. *See id.*

33. In the letter, Defendant also alleged that Panchenko shared with Spyderco without his authorization his AutoCAD files, and such actions constituted "theft." *See* Exhibit L. Defendant further alleged that, based on the pictures of the Spyderco Dog Tag he had seen, Spyderco used his drawings without permission to manufacture the Spyderco Dog Tag, essentially asserting that he is also the co-author of the Spyderco Dog Tag. *See id.* Finally, Defendant alleged that Panchenko had not paid him for his AutoCAD drawings, and that this should "be remedied before [the Spyderco Dog Tag] hits the market." *See id.*

32. Panchenko never shared Defendant's AutoCAD files or hard copies of Defendant's drawings with Spyderco.

33. Spyderco never possessed nor saw either Defendant's AutoCAD files or Defendant's hard copy drawings. Spyderco did not copy Defendant's drawings. Rather, Mr. Jhones based his drawings exclusively on the Round Hole Prototype. This fact is readily apparent as shown on a side-by-side comparison of the Defendant's drawing, Round Hole Prototype, Mr. Jhones' drawing, and the Spyderco Dog Tag prototype:


*Defendant's Drawing*



| *Round Hole Prototype* | *Mr. Jhones' Drawing* | *Spyderco Dog Tag Prototype from Mr. Jhones' Drawing* |

### F.     Defendant's Infringing Conduct

34.     Spyderco recently discovered that Defendant has offered for sale or sold folding knives, which he calls the "SquareHead Dog Tag Folder," that not only embodied the Serge Dog Tag Design, but also the Round Mark ("Accused Product").  A true and accurate photograph of Defendant's product is shown in Fig. 8 below:



*Fig. 8*

35.     Upon information and belief, Defendant created the Accused Products on or around February 6 and then began to offer the Accused Product for sale globally, including in this judicial district, as indicated on his Facebook page.  A true and correct copy of Defendant's Facebook page is attached hereto as Exhibit M, which is incorporated herein by reference.

36.     On or around February 28, 2014, Defendant requested Arizona Custom Knives to advertise and sell the Accused Product on its website at https://www.arizonacustomknives.com/squarehead-dogtag-folder-by-darriel-caston-145390.aspx. *See* Exhibit N.

37.     On or around March 7, 2014, Defendant requested Fort Henry Custom Knives to advertise and sell the Accused Products on its website at http://forthenrycustomknives.com/product/darriel-caston-squarehead-dog-tag-folder/.   *See* Exhibit O.

10

38. Arizona Custom Knives and Fort Henry Custom Knives are in the knife industry and sell to the same customers as Spyderco.

39. Upon information and belief, Defendant not only copied the Round Hole Prototype, but also incorporated the Round Mark to trade on Spyderco's goodwill in the industry. This is especially evident in light of the fact that Defendant knew Spyderco would be producing the Spyderco Dog Tag.

## COUNT I
### (Declaration that Defendant is Not a Co-Author of the Spyderco Dog Tag Design)

40. Spyderco incorporates paragraphs 1-39 as though fully set forth herein.

41. Defendant has not asserted, nor can he assert, that he is a co-author of the Serge Dog Tag Design or Round Hole Prototype. Both Mr. Jhones' drawings and the Spyderco Dog Tag Prototype are based on the Round Hole Prototype, and not Defendant's drawings. Nonetheless, Defendant claims he should be deemed a co-author of the Spyderco Dog Tag design.

42. For the reasons above, an actual and justiciable controversy has arisen between Spyderco and Defendant concerning the legitimate scope of Defendant's authorship of the Spyderco Dog Tag design. For the reasons set forth above, Spyderco is entitled to judgment from this Court declaring that Defendant is not a co-author of the Spyderco Dog Tag design pursuant to 28 U.S.C. § 2201.

## COUNT II
### (Declaration that Spyderco Does Not Infringe on Defendant's Copyright, If Any)

43. Spyderco incorporates paragraphs 1-42 as though fully set forth herein.

44. Panchenko did not share Defendant's AutoCAD files or hard copy drawings with Spyderco. Defendant asserts to the contrary.

45. Defendant's AutoCAD drawings are not original works of authorship and are not entitled to copyright protection. Also, Spyderco did not copy Defendant's drawings, nor did it base its Spyderco Dog Tag on Defendant's drawings. Defendant asserts to the contrary and that his drawings are entitled to copyright protection.

46. For the reasons above, an actual and justiciable controversy has arisen between Spyderco and Defendant concerning the legitimate scope of Defendant's copyrights, if any, and the alleged infringement of those rights by Spyderco. Spyderco is entitled to judgment from this Court declaring that Spyderco's use of the Serge Dog Tag Design and Spyderco's creation of the Spyderco Dog Tag Prototype do not infringe any legitimate rights of Defendant pursuant to 28 U.S.C. § 2201.

## COUNT III
### (Trademark Infringement Under § 32 of the Lanham Act)

47. Spyderco hereby incorporates paragraphs 1-46 of this Complaint as though fully set forth herein.

48. Spyderco owns a valid registration to the Round Mark in connection with knife products as shown in the attached Exhibit A.

49. Defendant's use of a round hole on the Accused Product at the same position on the knife blade as the Round Mark is a colorable imitation and copy of Spyderco's Round Mark.

50. Defendant's use of such colorable imitation and copy of the Round Mark in connection with the sale, offering for sale, distribution, and advertising of this Accused Product

is likely to cause consumer confusion, mistake, or deception as to the source of the Accused Product.

51. Defendant's conduct has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Spyderco.

52. Spyderco has been and continues to be harmed irreparably by Defendant's actions and has no adequate remedy at law.

## COUNT IV
### (False Designation Under § 43(a) of the Lanham Act)

53. Spyderco hereby incorporates paragraphs 1-52 of this Complaint as though fully set forth herein.

54. Defendant's use of a round hole on the Accused Product that is confusingly similar to the Round Mark creates a likelihood of consumer confusion as to an affiliation, connection, or association with Spyderco and/or as to the origin, sponsorship or approval of the Accused Product by Spyderco.

55. Defendant's unauthorized use of the Round Mark in connection with the marketing and sale of the Accused Product, despite knowing of Spyderco's rights in and to the Round Mark, is a willful violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56. As a result of Defendant's unlawful actions, Spyderco has suffered commercial harm.

57. Spyderco has been and continues to be harmed irreparably by Defendant's actions and has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Spyderco prays for judgment in its favor and against Defendant as follows:

A. That Defendant is not a co-author of the Spyderco Dog Tag design.

B. That Spyderco does not infringe Defendant's copyrights, if any, by the importation, exportation, manufacture, advertising, distribution, sale or use of the Spyderco's Dog Tag;

C. That Defendant, its agents, servants, employees, attorneys, privies, representatives, successors, assigns, and any and all persons in act of concert or participation with any of him, be temporarily, preliminarily, and permanently enjoined from threatening to assert or asserting that Spyderco, its agents, employees, suppliers or customers, or anyone acting in concert with it, infringe any copyrights of Defendant relating to the Serge Dog Tag Design, Round Hole Prototype, or Spyderco Dog Tag;

D. That Defendant, his agents, servants, employees, attorneys, privies, representatives, successors, assigns and other related entities, and any and all persons in act of concert or participation with him, be preliminarily and permanently enjoined from:

(1) any further infringement of the Round Mark;

(2) any further direct or indirect use of the Round Mark or any mark or trade dress which is confusingly similar thereto;

(3) performing any action or using any trade dress, or other mark or symbol which is likely to cause confusion or mistake, or to deceive or otherwise mislead the trade and/or the public into believing that Spyderco and Defendant are one and the same or in some way

connected, or that Spyderco is the sponsor of Defendant, or that Defendant is in some manner affiliated or associated with, or under the supervision or control of Spyderco, or that Defendant's products originate with Spyderco, or are connected or offered with the approval, consent, authorization, or under the supervision of Spyderco;

(4) manufacturing, marketing or selling any product or material containing or utilizing Spyderco's intellectual property; or

(5) any other conduct constituting unfair competition with Spyderco.

E. That Defendant be ordered to deliver to Spyderco for destruction, or certify destruction of, all products that infringe Spyderco's trade dress or any confusingly similar trade dress, used in connection with the manufacture, marketing or sale of folding knife products;

F. That Defendant be ordered to file with the Court and serve on Spyderco, within thirty (30) days after the entry of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with any ordered injunction;

G. That Spyderco be awarded damages in a reasonable amount to be proved at trial, for all infringing activities, including Spyderco's damages and lost profits, Defendant's profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

H. That Spyderco be awarded treble actual damages and attorneys' fees;

I. That Spyderco be awarded punitive damages;

J. That Spyderco be awarded pre-judgment and post-judgment interest;

K. That Spyderco be awarded costs and expenses, including expert witness fees; and

L. That such other and further preliminary and permanent relief be awarded as the Court deems appropriate.

## JURY DEMAND

Spyderco hereby demands a jury trial on issues so triable.

Respectfully submitted,

Dated: April 21, 2014        By:   s/ Robert R. Brunelli
                                   Robert R. Brunelli
                                       rbrunelli@sheridanross.com
                                   Donna P. Gonzales
                                       dgonzales@sheridanross.com
                                   SHERIDAN ROSS P.C.
                                   1560 Broadway, Suite 1200
                                   Denver, Colorado 80202
                                   (303) 863-9700
                                   litigation@sheridanross.com

                                   ATTORNEYS FOR PLAINTIFF